| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| Southern District of New York | **VOLUNTARY PETITION** |

| Name of Debtor (if individual, enter Last, First, Middle): **Infinity Resources Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **Alouette** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **27-1805987** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **2588 Broadway New York, NY** ZIP CODE **10025** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  **Restaurant**

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [x] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [x] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (4/10)

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Infinity Resources Corporation** |
|---|---|

|  | All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |
|---|---|

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: **Southern District of New York** | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Infinity Resources Corporation |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>   _____<br>   Telephone Number (if not represented by attorney)<br><br>   _____<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>   _____<br>   (Printed Name of Foreign Representative)<br><br>   _____<br>   Date |
| **Signature of Attorney***<br><br>X _____<br>   Signature of Attorney for Debtor(s)<br><br>   _____<br>   Printed Name of Attorney for Debtor(s)<br><br>   _____<br>   Firm Name<br><br>   _____<br>   _____<br>   Address<br><br>   _____<br>   Telephone Number<br><br>   _____<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>   _____<br>   Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>   _____<br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>   _____<br>   _____<br>   Address<br><br>X _____<br><br>   _____<br>   Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br>   Jon Michael Pardo<br>   Printed Name of Authorized Individual<br>   President<br>   Title of Authorized Individual<br>   09/06/2011<br>   Date (201) 274-5995. | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                    )
                                          )
Infinity Resources Corporation            )        Case No. _____
                                          )
Debtor                                    )

## CORPORATE OWNERSHIP STATEMENT

As required by Fed.R.Bankr.P. 1007(a)(1), the debtor now files this Corporate Ownership Statement and reports as follows:

Debtor is a "corporation" as defined in 11 U.S.C. §101(9) but has no entities to report under Fed.R.Bankr.P. 1007(a)(1).

The debtor declares under penalty of perjury that this Corporate Ownership Statement is true and correct.

Jon Michael Pardo
President
Infinity Resources Corporation

# DECLARATION UNDER PENALTY OF PERJURY
# ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation] [*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing [list *or* schedule *or* amendment *or* other document (describe)] and that it is true and correct to the best of my information and belief.

Date   9 — 6 — 11

Signature _____

Jon M. Pardo, President
(Print Name and Title)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re   Infinity Resources Corporation                    ,        )        Case No. _____

　　　　　　　　　　　Debtor                                        )

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)        Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   None                    .

2. The following financial data is the latest available information and refers to the debtor's condition on   September 9, 2011    .

| | | |
|---|---|---|
| a. Total assets | $ | 110,300.00 |
| b. Total debts (including debts listed in 2.c., below) | $ | 407,794.00 |

c. Debt securities held by more than 500 holders:

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

| | | |
|---|---|---|
| d. Number of shares of preferred stock | 0 | 0 |
| e. Number of shares common stock | 200 | 1 |

Comments. if any: _____

None

3. Brief description of debtor's business:

Single location full service French bistro restaurant in the Upper West Side of New York

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Jon Michael Pardo, President 100%

**CORPORATE RESOLUTION**

I, Jon Michael Pardo, President of Infinity Resources Corporation, a corporation organized and existing under the laws of the State of New York (Company"), do hereby certify that the following is a true and correct copy of a resolution duly adopted on September 7, 2011, at which meeting a duly constituted quorum of the Directors was present and acting throughout and that such resolution has not been modified, rescinded or revoked and is at present in full force and effect.

**RESOLVED**: That Jon Michael Pardo, the President of Infinity Resources Corporation, is empowered and authorized to execute and file in the name and on behalf of this Company a voluntary petition under Chapter 11 of the U.S. Code.

**IN WITNESS WHEREOF**, the undersigned has affixed his/her signature and the corporate seal of the Company this 8th day of September, 2011.

Jon Michael Pardo
President and Secretary

[*Corporate Seal*]

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:                                       )
                                             )
Infinity Resources Corporation               )        Case No. _____
                                             )
Debtor                                       )

### AFFIDAVIT OF JON MICHAEL PARDO, PRESIDENT OF INFINITY RESOURCES CORPORATION PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK IN SUPPORT OF CHAPTER 11 PETITION

1. I respectfully submit this Affidavit pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). Except as otherwise indicated, all facts set forth in this Affidavit are based upon my personal knowledge and my review of relevant documents.

## The Debtor's Business

2. Debtor, a Corporation organized under the laws of the State of New York, which entity formerly maintained its principal place of business at 2588 Broadway New York, NY 10025.

3. Debtor was formed to acquire, own and manage a French Bistro restaurant AKA Alouette which currently holds and manage.

## Events Leading to the Chapter 11 Filing

4. Debtor incurred in several promissory notes in order to obtain the necessary funding to acquire Alouette French Bistro including a $60,000 loan from SignaPay under a future receivable loan as well as four (6) other personal promissory notes due and payable within the next two (2) years since inception.

5. Due to unfavorable market conditions and the economic downturn the expected revenue had dramatically fallen which led the debtor to incur in more debt to keep the business afloat and continue paying his original and foregoing debt. Since banks has toughed their credit policies the only source of borrowing was outfits that attached their repayments to credit card receipts and charge in excess of 29% interest and deduct 35% of credit card receivables on a daily basis leaving the debtor with 65% of their daily receivables to dispose us creating a stranglehold on the debtor's business. This coupled with a 300% increase in his portion of real estate taxes led to the realization that the debtor cannot continue to over borrow in order to keep the business afloat.

6. In light of the foregoing events, the debtor have determined that the best Interests of the Debtor (including without limitation the need to preserve and maximize the value of the assets future receivables and to minimize liabilities), its creditors, and other parties in interest dictate the filing of a chapter 11 case for the Debtor

## Objective of Chapter 11 Case

7. Immediately, the debtor seek to stay all actions specifically the action of The Expansion Group aka 220 W 98th LLC of collecting proportioned real estate taxes in the amount of $28,000.

8. Further, the debtor believes that the business at hand is profitable and capable of stand on its own if the current debt burden is extended and paid within 3-5 years.

## Information Required by Local Rule 1007-2

9. In accordance with Local Rule 1007-2(a) (2) and to the best of my knowledge, information, and belief, no case has previously been filed by or against the Debtor under
Chapters 7, 11, 13, or any other provision of the Bankruptcy Code.

10. In accordance with Local Rule 1007-2(a) (3) and to the best of my knowledge, information, and belief, no creditors' committee was organized before the Petition Date.

11. In accordance with Local Rules 1007-2(a) (4) and (5), and to the best of my knowledge, information, and belief, Debtor has five (5) secured creditors and fifteen (15) unsecured creditors list attached to and made part of this affidavit.

12. In accordance with Local Rules 1007-2(a)(6), the following is a summary of the Debtor's assets and liabilities. The Debtor's books and records reflect that it currently has in its name only one (1) assets: (i) its 100% interest in Alouette French Bistro which was purchased in April 2010 for approximately $150,000; and (ii) a bank account in its name at Citibank with a remaining balance of approximately $5,000.

13. The Debtor's books and records further reflect that the Debtor's liabilities are as follows:

    a. Five (5) creditors holding secured claims in the amount of $231,766 from 2010 to 2011, and those amounts have been partially repaid. ARF is the largest creditor of the Debtor's estate; and

    b. Five (5) creditors holding unsecured priority claims collectively by the Debtor in the amount of $93,000 from April 2010

    c. Ten (10) creditors holding unsecured non-priority claims.

14. In accordance with Local Rules 1007-2(a) (7), the Debtor is not a publicly held Company.

15. In accordance with Local Rules 1007-2(a) (8), and to the best of my knowledge, information, and belief, no property of the Debtor is in possession or custody of any custodian, public officer, receiver, trustee, assignee for the benefit of creditors, mortgagee, pledge, assignee of rents, secured creditor or any agent for any of the foregoing.

16. In accordance with Local Rules 1007-2(a) (9), and to the best of my knowledge, information, and belief, the Debtor lease, or otherwise hold arrangements for its current premises from which its business was and still is operated located at 2588 Broadway New York, NY by The Expansion Group, Inc, aka 220 W 98 LLC.

17. Books and records of the Debtor are in his possession at 2588 Broadway New York, NY 10025. The Debtor does not have any assets located outside of the United States.

18. In accordance with Local Rules 1007-2(a) (11), and to the best of my knowledge, information, and belief, certain actions are currently pending against the Debtor as follows:

    a. Fox Linen Service Inc v. Alouette in the amount of $13,860. This action is pending as claim is inaccurate.

    b. AFI Food Service LLC v. Infinity Resources Corporation (judgment was entered and debtor made payment arrangements) – The balance of this judgment is $1,976.61

19. Debtor senior management is comprised of its President and General Manager which duties are as follows:

   a. Responsible for all management, purchasing, accounting, payroll and overall financial and operational responsibility of the corporation not limited to human resources, operations, fiscal responsibility and corporate affairs.

20. Debtor business will continue to operate therefore the following represents the estimated amount of expenses for the 30 days following the Chapter 11 petition:

| | |
|---|---|
| (1) Estimated amount of the weekly payroll to employees (Exclusive of officers, directors, stockholders, and partners) But inclusive of payroll taxes: | $ 17,285 |
| (2) Estimated salaries to Senior Management Including payroll taxes | $  3,200 |
| (2) Estimated amount paid and proposed to be paid for services and supplies to vendors: | $ 29,500 |
| (3) Estimated rent payment: | $ 13,928 |
| Total Estimated Expenses | $ 63,913 |

21. The following represents an estimate of net receipts for the business for the 30 following the Chapter 11 Petition. Debtor business income is derived 95% of credit card receipts:

| | |
|---|---|
| (1) Credit Card receipts exclusive of fees: | $ 60,992 |
| (2) Cash receipts | $ 11,418 |
| Total Estimated Income | $ 72,410 |
| Net Profit (exclusive of current debtor's balances) | $  8,497 |

The debtor declares under penalty of perjury that this Corporate Ownership Statement is true and correct.

Jon Michael Pardo
President
Infinity Resources Corporation

## 2011 P&L

| Direct cost | 1-Jan | 1-Feb | 1-Mar | 1-Apr | 1-May | 1-Jun | 1-Jul | 1-Aug | 1-Sep (Forecast) | 1-Oct (Forecast) | 1-Nov (Forecast) | 1-Dec (Forecast) | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lease | 13,982 | 13,982 | 13,982 | 13,982 | 13,982 | 13,982 | 13,982 | 13,982 | 13,982 | 13,982 | 14,586 | 14,586 | 168,992 |
| Food/ drink 26% of sale | 26,467 | 23,703 | 23,020 | 25,242 | 27,465 | 24,924 | 18,987 | 20,363 | 20,126 | 30,071 | 26,413 | 34,930 | 301,711 |
| Credit card fees 3% | 3,100 | 3,376 | 3,100 | 2,915 | 3,140 | 3,860 | 2,200 | 2,349 | 2,322 | 3,469 | 3,047 | 4,030 | 36,908 |
| Executive Chef | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 33,600 |
| Kitchen staff | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 11,760 | 141,120 |
| General Manager | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 28,800 |
| Manager | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1,800 | 1,800 | 1,800 | 5,400 |
| Waiter Staff | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 4,512 | 54,144 |
| Tips Payable | 15,870 | 13,650 | 12,381 | 11,650 | 12,676 | 12,503 | 8,763 | 9,398 | 9,289 | 13,878 | 12,190 | 16,121 | 148,369 |
| Rates/ elect etc | 2,500 | 2,500 | 2,500 | 3,200 | 3,300 | 2,500 | 2,500 | 2,500 | 2,500 | 3,100 | 3,100 | 3,300 | 33,500 |
| Insurance | 1,861 | 2,461 | 2,461 | 2,461 | 2,461 | 2,461 | 2,461 | 2,461 | 2,461 | 2,461 | 2,461 | 2,461 | 28,932 |
| Marketing | 900 | 700 | 820 | 900 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 11,320 |
| Maintenance | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 620 | 7,440 |
| Repairs | 680 | 0 | 0 | 1,680 | 3,200 | 680 | 680 | 680 | 680 | 680 | 680 | 680 | 10,320 |
| Accountancy/ legal | 0 | 0 | 0 | 0 | 500 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 500 |
| **Total costs** | 87,452 | 82,464 | 80,356 | 84,122 | 89,816 | 84,002 | 72,665 | 74,825 | 74,452 | 92,533 | 87,369 | 101,000 | |
| Net profit | 770 | 8,720 | 8,184 | 12,964 | 15,819 | 11,860 | 364 | 3,495 | 4,958 | 23,124 | 14,220 | 33,348 | 137,826 |
| Tax | 0 | 2,500 | 0 | 3,000 | 0 | 11,000 | 0 | 0 | 0 | 0 | 0 | 5,200 | 21,700 |
| Dividends | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Net profit after tax\*\*** | 770 | 6,220 | 8,184 | 12,964 | 15,819 | 860 | 364 | 3,495 | 4,958 | 24,924 | 28,148 | 0 | 106,706 |

**Exclusive of P&I Payment to Secured Creditors and Cash Advance

**Infinity Resources Corporation T/A Alouette**

## Balance Sheet

**12-Sep-11**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| **Current Assets** | | **Current Liabilities** | |
| Cash | $4,352 | Accounts payable | $48,254 |
| Accounts receivable | 7,680 | Short-term notes | |
| (less doubtful accounts) | 0 | Current portion of long-term notes | 83,000 |
| Inventory | 19,000 | Interest payable | 12,943 |
| Temporary investment | 0 | Taxes payable | 8,540 |
| Prepaid expenses | 0 | Accrued payroll | 0 |
| **Total Current Assets** | $31,032 | **Total Current Liabilities** | $152,737 |
| | | | |
| **Fixed Assets** | | **Long-term Liabilities** | |
| Long-term investments | $0 | Mortgage | $0 |
| Land | 0 | Other long-term liabilities | 0 |
| Buildings | 0 | **Total Long-Term Liabilities** | $0 |
| (less accumulated depreciation) | 0 | | |
| Plant and equipment | 64,500 | | |
| (less accumulated depreciation) | 645 | **Shareholders' Equity** | |
| Furniture and fixtures | 56,000 | Capital stock | $0 |
| (less accumulated depreciation) | 560 | Retained earnings | 0 |
| **Total Net Fixed Assets** | $121,705 | **Total Shareholders' Equity** | |
| | | | |
| **TOTAL ASSETS** | $152,737 | **TOTAL LIABILITIES & EQUITY** | $152,737 |

## 2011 Cash Flow

| | 1-Jan | 1-Feb | 1-Mar | 1-Apr | 1-May | 1-Jun | 1-Jul | 1-Aug | 1-Sep Proj | 1-Oct Proj | 1-Nov Proj | 1-Dec Proj | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cashflow** | | | | | | | | | | | | | |
| Cash | 4,411 | 6,382 | 6,198 | 6,796 | 5,282 | 6,710 | 3,651 | 3,916 | 5,558 | 8,096 | 5,079 | 8,061 | 70,140 |
| Credit Card Receipts | 83,811 | 84802 | 82342 | 90,292 | 100,353 | 89,152 | 69,378 | 74,404 | 73,852 | 107,561 | 96,510 | 126,287 | 1,078,744 |
| **Closing balance** | **88,222** | **91,184** | **88,540** | **97,088** | **105,635** | **95,862** | **73,029** | **78,320** | **79,410** | **115,657** | **101,589** | **134,348** | **1,148,884** |

Form **1120S**

Department of the Treasury
Internal Revenue Service

## U.S. Income Tax Return for an S Corporation

▶ Do not file this form unless the corporation has filed or is
attaching Form 2553 to elect to be an S corporation.

▶ See separate instructions.

OMB No. 1545-0130

**2010**

For calendar year 2010 or tax year beginning **April 26**  , 2010, ending **December 31**  , 20 **10**

| | | | |
|---|---|---|---|
| **A** S election effective date **4-26-2010** | TYPE OR PRINT | **Name** Infinity Resources Corporation | **D** Employer identification number **27-1805987** |
| **B** Business activity code number *(see instructions)* **722210** | | **Number, street, and room or suite no.** If a P.O. box, see instructions. **2588 Broadway** | **E** Date incorporated **2-2-2010** |
| **C** Check if Sch. M-3 attached ☐ | | **City or town, state, and ZIP code** New York, NY 10025 | **F** Total assets *(see instructions)* $ **20000** |

**G** Is the corporation electing to be an S corporation beginning with this tax year? ☑ Yes ☐ No   If "Yes," attach Form 2553 if not already filed

**H** Check if: **(1)** ☑ Final return **(2)** ☐ Name change **(3)** ☐ Address change
**(4)** ☐ Amended return **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . ▶ **2**

**Caution.** *Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.*

| | | | | | |
|---|---|---|---|---|---|
| **Income** | **1a** Gross receipts or sales | **749480** | **b** Less returns and allowances | **0** | **c** Bal ▶ | **1c** | **749480** |
| | **2** Cost of goods sold (Schedule A, line 8) . . . . . . . . . . | | | | **2** | **178456** |
| | **3** Gross profit. Subtract line 2 from line 1c . . . . . . . . . | | | | **3** | **571024** |
| | **4** Net gain (loss) from Form 4797, Part II, line 17 *(attach Form 4797)* | | | | **4** | |
| | **5** Other income (loss) *(see instructions—attach statement)* . . . . . | | | | **5** | |
| | **6** **Total income (loss).** Add lines 3 through 5 . . . . . . . . ▶ | | | | **6** | **571024** |

| | | | |
|---|---|---|---|
| **Deductions** *(see instructions for limitations)* | **7** Compensation of officers . . . . . . . . . . . . . . | **7** | **9600** |
| | **8** Salaries and wages (less employment credits) . . . . . . . . | **8** | **178602** |
| | **9** Repairs and maintenance . . . . . . . . . . . . . . | **9** | **14500** |
| | **10** Bad debts . . . . . . . . . . . . . . . . . . . | **10** | **0** |
| | **11** Rents . . . . . . . . . . . . . . . . . . . . | **11** | **152700** |
| | **12** Taxes and licenses . . . . . . . . . . . . . . . . | **12** | **44277** |
| | **13** Interest . . . . . . . . . . . . . . . . . . . | **13** | **52270** |
| | **14** Depreciation not claimed on Schedule A or elsewhere on return *(attach Form 4562)* . | **14** | |
| | **15** Depletion **(Do not deduct oil and gas depletion.)** . . . . . . . | **15** | **0** |
| | **16** Advertising . . . . . . . . . . . . . . . . . . | **16** | **15000** |
| | **17** Pension, profit-sharing, etc., plans . . . . . . . . . . . | **17** | **0** |
| | **18** Employee benefit programs . . . . . . . . . . . . . | **18** | **8160** |
| | **19** Other deductions *(attach statement)* . . . . . . . . . . | **19** | **131298** |
| | **20** **Total deductions.** Add lines 7 through 19 . . . . . . . . ▶ | **20** | **606407** |
| | **21** Ordinary business income (loss). Subtract line 20 from line 6 . . . | **21** | **-35383** |

| | | | | |
|---|---|---|---|---|
| **Tax and Payments** | **22a** Excess net passive income or LIFO recapture tax *(see instructions)* . . | **22a** | **0** | |
| | **b** Tax from Schedule D (Form 1120S) . . . . . . . | **22b** | **0** | |
| | **c** Add lines 22a and 22b *(see instructions for additional taxes)* . . . . | | | **22c** | **0** |
| | **23a** 2010 estimated tax payments and 2009 overpayment credited to 2010 | **23a** | **0** | |
| | **b** Tax deposited with Form 7004 . . . . . . . . . | **23b** | **0** | |
| | **c** Credit for federal tax paid on fuels *(attach Form 4136)* . . . . | **23c** | **0** | |
| | **d** Add lines 23a through 23c . . . . . . . . . . . . . . | | | **23d** | **0** |
| | **24** Estimated tax penalty *(see instructions)*. Check if Form 2220 is attached . . . ▶ ☐ | | | **24** | **0** |
| | **25** **Amount owed.** If line 23d is smaller than the total of lines 22c and 24, enter amount owed . . | | | **25** | **0** |
| | **26** **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid . . | | | **26** | **0** |
| | **27** Enter amount from line 26 Credited to 2011 estimated tax ▶    Refunded ▶ | | | **27** | **0** |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer    Date    President ◀ Title

May the IRS discuss this return with the preparer shown below *(see instructions)?* ☐ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name ▶ | | | Firm's EIN ▶ | |
| Firm's address ▶ | | | Phone no. | |

For Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 11510H    Form **1120S** (2010)

## Schedule A　Cost of Goods Sold　(see instructions)

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year . . . . . . . . . . . . . . . . . . . . | 1 | 10620 |
| 2 | Purchases . . . . . . . . . . . . . . . . . . . . . . . . . | 2 | 180640 |
| 3 | Cost of labor . . . . . . . . . . . . . . . . . . . . . . . | 3 | |
| 4 | Additional section 263A costs (*attach statement*) . . . . . . . . . . . . | 4 | |
| 5 | Other costs (*attach statement*) . . . . . . . . . . . . . . . . . | 5 | |
| 6 | **Total.** Add lines 1 through 5 . . . . . . . . . . . . . . . . . . | 6 | 191260 |
| 7 | Inventory at end of year . . . . . . . . . . . . . . . . . . . . | 7 | 12804 |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on page 1, line 2 . . | 8 | 178456 |

**9a** Check all methods used for valuing closing inventory:　*(i)* ☐ Cost as described in Regulations section 1.471-3

　　*(ii)* ☑ Lower of cost or market as described in Regulations section 1.471-4

　　*(iii)* ☐ Other (Specify method used and attach explanation.) ▶

**b** Check if there was a writedown of subnormal goods as described in Regulations section 1.471-2(c) . . . . . . ▶ ☐

**c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) . . . . . ▶ ☐

**d** If the LIFO inventory method was used for this tax year, enter percentage (or amounts) of closing inventory computed under LIFO | **9d** | |

**e** If property is produced or acquired for resale, do the rules of section 263A apply to the corporation? . . . ☐ Yes ☑ No

**f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? . . ☐ Yes ☑ No

If "Yes," attach explanation.

## Schedule B　Other Information　(see instructions)

| | | Yes | No |
|---|---|:---:|:---:|
| 1 | Check accounting method:　**a** ☑ Cash　**b** ☐ Accrual　**c** ☐ Other (specify) ▶ | | |
| 2 | See the instructions and enter the:<br>**a** Business activity ▶ _____　**b** Product or service ▶ _____ | | |
| 3 | At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) If "Yes," attach a statement showing: **(a)** name and employer identification number (EIN), **(b)** percentage owned, and **(c)** if 100% owned, was a qualified subchapter S subsidiary election made? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | ✓ |
| 4 | Has this corporation filed, or is it required to file, **Form 8918,** Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . | | ✓ |
| 5 | Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . ▶ ☐<br>If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments. | | |
| 6 | If the corporation: **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years (*see instructions*) . . . . . . . . . . . . . . . . . ▶ $ _____ | | |
| 7 | Enter the accumulated earnings and profits of the corporation at the end of the tax year. $ _____ | | |
| 8 | Are the corporation's total receipts (see *instructions*) for the tax year **and** its total assets at the end of the tax year less than $250,000? If "Yes," the corporation is not required to complete Schedules L and M-1 . . . . . | ✓ | |
| 9 | During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions . | | ✓ |

## Schedule K　Shareholders' Pro Rata Share Items

| | | | | | Total amount |
|---|---|---|---|---:|---:|
| | **1** | Ordinary business income (loss) (page 1, line 21) . . . . . . . . . | | 1 | -35383 |
| | **2** | Net rental real estate income (loss) (*attach Form 8825*) . . . . . . | | 2 | 0 |
| | **3a** | Other gross rental income (loss) . . . . . . . . | 3a | 0 | |
| | **b** | Expenses from other rental activities (*attach statement*) . . | 3b | 0 | |
| | **c** | Other net rental income (loss). Subtract line 3b from line 3a . . . | | 3c | 0 |
| | **4** | Interest income . . . . . . . . . . . . . . . . . | | 4 | 0 |
| | **5** | Dividends: **a** Ordinary dividends . . . . . . . . . . | | 5a | 0 |
| | | **b** Qualified dividends . . . . . . . . | 5b | 0 | |
| | **6** | Royalties . . . . . . . . . . . . . . . . . . | | 6 | 0 |
| | **7** | Net short-term capital gain (loss) (*attach Schedule D (Form 1120S)*) . | | 7 | 0 |
| | **8a** | Net long-term capital gain (loss) (*attach Schedule D (Form 1120S)*) . . | | 8a | 0 |
| | **b** | Collectibles (28%) gain (loss) . . . . . . . . | 8b | 0 | |
| | **c** | Unrecaptured section 1250 gain (*attach statement*) . . . . | 8c | 0 | |
| | **9** | Net section 1231 gain (loss) (*attach Form 4797*) . . . . . . | | 9 | |
| | **10** | Other income (loss) (*see instructions*) . . . Type ▶ | | 10 | -35383 |

*Income (Loss)* appears as a vertical label to the left of lines 1–10.

| | | Total amount |
|---|---|---|
| | **Shareholders' Pro Rata Share Items** (continued) | |

| | | | |
|---|---|---|---|
| **Deductions** | 11 Section 179 deduction (*attach Form 4562*) . . . . . . . | **11** | 0 |
| | 12a Contributions . . . . . . . . . . . . . . . | **12a** | 0 |
| | b Investment interest expense . . . . . . . . . . | **12b** | 0 |
| | c Section 59(e)(2) expenditures **(1)** Type ▶ _____ **(2)** Amount ▶ | **12c(2)** | 0 |
| | d Other deductions (*see instructions*) . . . Type ▶ | **12d** | 0 |
| **Credits** | 13a Low-income housing credit (section 42(j)(5)) . . . . . . | **13a** | 0 |
| | b Low-income housing credit (other) . . . . . . . . | **13b** | 0 |
| | c Qualified rehabilitation expenditures (rental real estate) (*attach Form 3468*) . . . . | **13c** | 0 |
| | d Other rental real estate credits (*see instructions*) Type ▶ _____ | **13d** | 0 |
| | e Other rental credits (*see instructions*) . . . Type ▶ _____ | **13e** | 0 |
| | f Alcohol and cellulosic biofuel fuels credit (*attach Form 6478*) . . . . | **13f** | 0 |
| | g Other credits (*see instructions*) . . . . . Type ▶ | **13g** | 0 |
| **Foreign Transactions** | 14a Name of country or U.S. possession ▶ _____ | | |
| | b Gross income from all sources . . . . . . . . . | **14b** | 0 |
| | c Gross income sourced at shareholder level . . . . . | **14c** | 0 |
| | *Foreign gross income sourced at corporate level* | | |
| | d Passive category . . . . . . . . . . . . . | **14d** | 0 |
| | e General category . . . . . . . . . . . . . | **14e** | 0 |
| | f Other (*attach statement*) . . . . . . . . . . | **14f** | 0 |
| | *Deductions allocated and apportioned at shareholder level* | | |
| | g Interest expense . . . . . . . . . . . . . | **14g** | 0 |
| | h Other . . . . . . . . . . . . . . . . . | **14h** | 0 |
| | *Deductions allocated and apportioned at corporate level to foreign source income* | | |
| | i Passive category . . . . . . . . . . . . . | **14i** | 0 |
| | j General category . . . . . . . . . . . . . | **14j** | 0 |
| | k Other (*attach statement*) . . . . . . . . . . | **14k** | 0 |
| | *Other information* | | |
| | l Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | **14l** | 0 |
| | m Reduction in taxes available for credit (*attach statement*) . . . . . . . | **14m** | 0 |
| | n Other foreign tax information (*attach statement*) | | |
| **Alternative Minimum Tax (AMT) Items** | 15a Post-1986 depreciation adjustment . . . . . . . . | **15a** | 0 |
| | b Adjusted gain or loss . . . . . . . . . . . . | **15b** | 0 |
| | c Depletion (other than oil and gas) . . . . . . . . | **15c** | 0 |
| | d Oil, gas, and geothermal properties—gross income . . . | **15d** | 0 |
| | e Oil, gas, and geothermal properties—deductions . . . . | **15e** | 0 |
| | f Other AMT items (*attach statement*) . . . . . . . | **15f** | 0 |
| **Items Affecting Shareholder Basis** | 16a Tax-exempt interest income . . . . . . . . . . | **16a** | 0 |
| | b Other tax-exempt income . . . . . . . . . . . | **16b** | 0 |
| | c Nondeductible expenses . . . . . . . . . . . | **16c** | 0 |
| | d Distributions (*attach statement if required*) (*see instructions*) . . . | **16d** | 0 |
| | e Repayment of loans from shareholders . . . . . . . | **16e** | 0 |
| **Other Information** | 17a Investment income . . . . . . . . . . . . . | **17a** | 0 |
| | b Investment expenses . . . . . . . . . . . . | **17b** | 0 |
| | c Dividend distributions paid from accumulated earnings and profits . . . . . . | **17c** | 0 |
| | d Other items and amounts (*attach statement*) | | |
| **Reconciliation** | 18 **Income/loss reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14l | **18** | -35383 |

## Schedule L   Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash . . . . . . . . | | 6850 | | 2380 |
| 2a | Trade notes and accounts receivable . . . | 0 | | 0 | |
| b | Less allowance for bad debts . . . . . . | ( 0 ) | | ( 0 ) | |
| 3 | Inventories . . . . . . . . . . | | 10620 | | 12804 |
| 4 | U.S. government obligations . . . . . | | 0 | | 0 |
| 5 | Tax-exempt securities (see instructions) . . | | 0 | | 0 |
| 6 | Other current assets (attach statement) . . . | | 0 | | 0 |
| 7 | Loans to shareholders . . . . . . . | | 0 | | 0 |
| 8 | Mortgage and real estate loans . . . . . | | 0 | | 0 |
| 9 | Other investments (attach statement) . . . | | 0 | | 0 |
| 10a | Buildings and other depreciable assets . . . | 0 | | 0 | |
| b | Less accumulated depreciation . . . . . | ( 0 ) | 0 | ( 0 ) | 0 |
| 11a | Depletable assets . . . . . . . . | 0 | | 0 | |
| b | Less accumulated depletion . . . . . . | ( 0 ) | 0 | ( 0 ) | 0 |
| 12 | Land (net of any amortization) . . . . . . | | 0 | | 0 |
| 13a | Intangible assets (amortizable only) . . . . | 0 | | 0 | |
| b | Less accumulated amortization . . . . . | ( 0 ) | 0 | ( 0 ) | 0 |
| 14 | Other assets (attach statement) . . . . . | | 0 | | 0 |
| 15 | Total assets . . . . . . . . . | | 17470 | | 15184 |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable . . . . . . . . | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | 10000 | | 10000 |
| 18 | Other current liabilities (attach statement) . . | | | | |
| 19 | Loans from shareholders . . . . . . . | | 50000 | | 50000 |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | 0 | | 0 |
| 21 | Other liabilities (attach statement) . . . . | | | | |
| 22 | Capital stock . . . . . . . . | | | | |
| 23 | Additional paid-in capital . . . . . . . | | 0 | | 0 |
| 24 | Retained earnings . . . . . . . . | | 0 | | 0 |
| 25 | Adjustments to shareholders' equity (attach statement) | | 0 | | 0 |
| 26 | Less cost of treasury stock . . . . . . | | ( 0 ) | | ( 0 ) |
| 27 | Total liabilities and shareholders' equity . . | | 60000 | | 60000 |

## Schedule M-1   Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more—see instructions

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books . . . . . | -42540 | 5 | Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): | | a | Tax-exempt interest $ _____ | 0 |
| 3 | Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14l (itemize): | | 6 | Deductions included on Schedule K, lines 1 through 12 and 14l, not charged against book income this year (itemize): | |
| a | Depreciation $ _____ | 0 | a | Depreciation $ _____ | 0 |
| b | Travel and entertainment $ _____ | | 7 | Add lines 5 and 6 . . . . . . . | 0 |
| 4 | Add lines 1 through 3 . . . . . . . | -42540 | 8 | Income (loss) (Schedule K, line 18). Line 4 less line 7 | -42540 |

## Schedule M-2   Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed (see instructions)

| | | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|---|
| 1 | Balance at beginning of tax year . . . . . | | | |
| 2 | Ordinary income from page 1, line 21 . . . | | | |
| 3 | Other additions . . . . . . . . . | | | |
| 4 | Loss from page 1, line 21 . . . . . . . | ( ) | | |
| 5 | Other reductions . . . . . . . . . | ( ) | ( ) | |
| 6 | Combine lines 1 through 5 . . . . . . . | | | |
| 7 | Distributions other than dividend distributions | | | |
| 8 | Balance at end of tax year. Subtract line 7 from line 6 | | | |

**INFINITY RESOURCES CORPORATION**

SUPPORTING STATEMENT OF:

Form 1120S, P1/2 Line 12

| DESCRIPTION | | AMOUNT |
|---|---|---|
| TAX | FICA | 18,394 |
| TAX | FUTA | 849 |
| TAX | SUI | 1,133 |
| TAX | NYS CORP | 437 |
| TAX | NYC CORP | 606 |
| TAX | REAL ESTATE | 21,320 |
| TAX | LIQUOR TAX | 1,558 |
| Total | | 44,297 |

Form 1120S, P1/2 Line 19

| DESCRIPTION | AMOUNT |
|---|---|
| UTILITIES | 60,776 |
| TELEPHONE | 1,719 |
| INSURANCE | 12,479 |
| PROFESSIONAL FEE | 2,800 |
| SUPPLIES | 16,271 |
| CREDITCARD PROCESSING FEES | 16,820 |
| GARBAGE DISPOSAL | 2,240 |
| LICENSES AND PERMITS | 4,722 |
| CLEANING EXPENSE | 3,107 |
| FIRE INSPECTION | 280 |
| OPEN TABLE | 9600 |
| BANK CHARGES | 484 |
| Total | 131,298 |

Form 1120S P1/2 Line 13

| DESCRIPTION | | AMOUNT |
|---|---|---|
| INTEREST | SignaPay | 21,820 |
| INTEREST | ARF | 24,130 |
| INTEREST | AmeriMerchant | 3,120 |
| INTEREST | Davens Investment | 3200 |
| Total | | 52,270 |

671110

| | |
|---|---|
| ☑ Final K-1 | ☐ Amended K-1     OMB No. 1545-0130 |

**Schedule K-1**
**(Form 1120S)**
Department of the Treasury
Internal Revenue Service

**2010**

For calendar year 2010, or tax
year beginning **April 26**, 2010
ending **Dec 31**, 20 **10**

## Shareholder's Share of Income, Deductions, Credits, etc. ▶ See back of form and separate instructions.

| Part I | Information About the Corporation |
|---|---|

**A** Corporation's employer identification number
27-1805987

**B** Corporation's name, address, city, state, and ZIP code

Infinity Resources Corporation
2588 Broadway
New York, NY 10025

**C** IRS Center where corporation filed return

| Part II | Information About the Shareholder |
|---|---|

**D** Shareholder's identifying number
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

**E** Shareholder's name, address, city, state, and ZIP code

Jon Michael Pardo
12 Spruce St
Fairview, NJ 07022

**F** Shareholder's percentage of stock
ownership for tax year . . . . . . **100** %

For IRS Use Only

| Part III | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| | | | |
|---|---|---|---|
| **1** | Ordinary business income (loss) <br> -35,383.00 | **13** | Credits |
| **2** | Net rental real estate income (loss) <br> 0 | | |
| **3** | Other net rental income (loss) <br> 0 | | |
| **4** | Interest income <br> 0 | | |
| **5a** | Ordinary dividends <br> 0 | | |
| **5b** | Qualified dividends <br> 0 | **14** | Foreign transactions |
| **6** | Royalties <br> 0 | | |
| **7** | Net short-term capital gain (loss) <br> 0 | | |
| **8a** | Net long-term capital gain (loss) <br> 0 | | |
| **8b** | Collectibles (28%) gain (loss) <br> 0 | | |
| **8c** | Unrecaptured section 1250 gain <br> 0 | | |
| **9** | Net section 1231 gain (loss) <br> 0 | | |
| **10** | Other income (loss) | **15** | Alternative minimum tax (AMT) items |
| **11** | Section 179 deduction <br> 0 | **16** | Items affecting shareholder basis |
| **12** | Other deductions | | |
| | | **17** | Other information |
| | | | * See attached statement for additional information. |

For Paperwork Reduction Act Notice, see Instructions for Form 1120S.     Cat. No. 11520D     Schedule K-1 (Form 1120S) 2010

# United States Bankruptcy Court

### Southern District of New York

In re  Infinity Resources Corporation _____,
               Debtor

Case No. _____

Chapter  11 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | No | | $ | | |
| B - Personal Property | Yes | 1 | $ 110,300.00 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 231,766.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 93,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 83,028.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ |
| TOTAL | | | $ 110,300.00 | $ 407,794.00 | |

# United States Bankruptcy Court

Southern District of New York

In re _Infinity Resources Corporation_____,
Debtor

Case No. _____

Chapter _11_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 0.00 |
| Average Expenses (from Schedule J, Line 18) | $ 0.00 |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ 0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

In re  Infinity Resources Corporation                    ,      Case No. _____
              **Debtor**                                                     **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | x | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Citibank | | 2,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | The Expansion Group $81,000 ConEdison $1,400 | | 82,400.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | (2) Desktop Computers (2) POS System (2) Printers | | 3,200.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | x | | | |
| 6. Wearing apparel. | x | | | |
| 7. Furs and jewelry. | x | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | x | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10. Annuities. Itemize and name each issuer. | x | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | x | | | |

In re  Infinity Resources Corporation                    ,          Case No. _____
                        **Debtor**                                                            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

In re  Infinity Resources Corporation                    ,          Case No. _____
                    **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | Alouette Logo copyright | | 1,000.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | NYS Liquor License | | 4,200.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | Client List including names. address, e-mail addresses | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | x | | | |
| 26. Boats, motors, and accessories. | x | | | |
| 27. Aircraft and accessories. | x | | | |
| 28. Office equipment, furnishings, and supplies. | | Desk, file cabinets | | 500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | (2) Stoves (1) Cofection Oven (1) Salamander Oven, (1) Fryer (1) Grill (8) SS Tables | | 5,000.00 |
| 30. Inventory. | | Food and food products; Wine selection | | 5,000.00 |
| 31. Animals. | x | | | |
| 32. Crops - growing or harvested. Give particulars. | x | | | |
| 33. Farming equipment and implements. | x | | | |
| 34. Farm supplies, chemicals, and feed. | x | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Tables, Chairs, utensils and cutlery | | 5,000.00 |

_____continuation sheets attached     Total▶   $            110,300.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re  Infinity Resources Corporation          ,          Case No._____
                    **Debtor**                                          **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| The Expansion Group<br>220 W 98 Street Realty, LLC<br>220 W 98th Street New York, NY 10025 | Commercial Store Lease in New York, NY |
| Auto Chlor System<br>1405 Commerce Ave<br>Bronx, NY 10461 | Dishwashing Machine System |
| Metro Coffee, Inc.<br>155 Alkier Street<br>Brentwood, NY 11717 | (2) Espresso Machines (2) Regular Coffe Machines |
| | |
| | |
| | |

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re:  Infinity Resources Corporation          ,          Case No. _____
_____
Debtor                                                                 (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.  Income from employment or operation of business**

None
☑

      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

           AMOUNT                              SOURCE

**2. Income other than from employment or operation of business**

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                           SOURCE

---

**3. Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Jose Melendez | 01/01/2011 | 10,000.00 | 25,000.00 |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ☑

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None 

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  |  |  |
| --- | --- | --- |
| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |

None 

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  |  |  |  |
| --- | --- | --- | --- |
| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |

### 7. Gifts

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  |  |  |  |
| --- | --- | --- | --- |
| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |

### 8. Losses

None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  |  |  |
| --- | --- | --- |
| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |

**9. Payments related to debt counseling or bankruptcy**

None
☑
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**10. Other transfers**

None
☑
a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
☑
b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11. Closed financial accounts**

None
☐
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| TDBank 2450 Broadway NY, NY | Checking Account - 0633 -$4,395.00 | 7-31-2011 |

### 12. Safe deposit boxes

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

### 18. Nature, location and name of business

None ☑

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|-----|-----|-----|-----|

None
☑    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

       NAME               ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None
☑    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

       NAME AND ADDRESS               DATES SERVICES RENDERED

None
☑    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

       NAME               ADDRESS               DATES SERVICES RENDERED

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| Jon Michael Pardo | 12 Spruce St. Fairview, NJ 07022 |

None ☑    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
|  |  |

---

### 20. Inventories

None ☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|
| 08/01/2011 | Jon Michael Pardo | 5,230 |
| 08/23/2011 | Jon Michael Pardo | 2.340 |

None ☐    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|
|  |  |

---

### 21. Current Partners, Officers, Directors and Shareholders

None ☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|
|  |  |  |

None ☑    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|
| Jon Michael Pardo 12 Spruce St Fairview, NJ 07022 | President | 100% |

**22 . Former partners, officers, directors and shareholders**

None ☑    a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

      NAME                      ADDRESS        DATE OF WITHDRAWAL

None ☑    b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

      NAME AND ADDRESS            TITLE           DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☑    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,           DATE AND PURPOSE     AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR   OF WITHDRAWAL        OR DESCRIPTION
                                         AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**

None ☑    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

      NAME OF PARENT CORPORATION      TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None ☑    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

      NAME OF PENSION FUND       TAXPAYER-IDENTIFICATION NUMBER (EIN)

\*   \*   \*   \*   \*   \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| Date | _____ | Signature of Debtor | _____ |

| Date | _____ | Signature of Joint Debtor (if any) | _____ |

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   08/31/2011 _____          Signature _____

Print Name and Title   Jon Michael Pardo, President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

| Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer | Social-Security No. (Required by 11 U.S.C. § 110.) |

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

Address

| Signature of Bankruptcy Petition Preparer | Date |

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Infinity Resources Corporation               ,
                          Debtor

Case No. _____

Chapter  11 _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

     Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| | See Attached List | | | |

Date: ___09/06/2011_____

_____
Debtor

*[Declaration as in Form 2]*

| Name of Creditor Incl. Address | Name, Tel No. and complete Mailing Address | Nature of Claim (trade debt, bank loan) | Amount of Claim |
|---|---|---|---|
| Wild Edibles, Inc. 21-51 Borden Ave Long Island City, NY 11101 | Wild Edibles, Inc 21-51 Borden Ave Long Island City, NY 11101 (718) 433-4321 | Trade Account | $4,820.00 |
| John's Market 1983 54th Street Brooklyn, NY 11202 | John's Market 1983 54th Street Brooklyn, NY 11202 (718) 258-8400 | Trade Account | $14,320.00 |
| Driscoll Foods 174 Delawanna Ave Clifton, NJ 07014 | Driscoll Foods 174 Delawanna Ave Clifton, NJ 07014 (973) 672-9400 | Trade Account | $7,840.00 |
| Direct Energy, LLC | Meyers, Saxon & Cole 3620 Quentin Rd. Brooklyn, NY 11234 (718)339-3330 | Utility Provider | $7,379.00 |
| Fox Linen Service, Inc. | Roe, Taroff Taitz, LP One Corporate Dr. Ste 102 Bohemia, NY 11716 (631) 475-4400 Index No. 29830/11 | Trade Account | $13,860.00 |
| AFI Food Service, LLC | Mitnick & Malzberg PC P.O. Box 439 Frenchtown, NJ 08825 (908) 996-3716 Docket No. DC 33645-10 | Trade Account | $1,976.61 |

| Name of Creditor Incl. Address | Name, Tel No. and complete Mailing Address | Nature of Claim (trade debt, bank loan) | Amount of Claim |
|---|---|---|---|
| Jose Melendez Juana Melendez | Jose Melendez 127 Victor Street Bronx, NY 10454 (347) 534-8501 | Loan | $25,000 |
| Francisco Ceballos Remigio Ceballos | Francisco Ceballos 1740 Melville St Bronx, NY 10460 (718)208-6710 | Loan | $15,000 |
| Ramon Melendez | Ramon Melendez 127 Victor Street Bronx, NY 10460 (718) | Loan | $10,000 |
| Mayra Cabrera-Pardo 12 Spruce St Fairview, NJ 07022 | 12 Spruce St Fairview, NJ 07022 (201) 945-2538 | Loan | $33,000 |
| On Target Staffing, LLC 167 French Street New Brunswixk, NJ 08901 | Roy James (732) 249-2811 | Loan | $10,000 |
| Open Table P/O. Box 671198 Dalaas, TX 75267 | Open Table Billing (866) 941-8464 Acct: 46909 | Service | $1,731 |

| Name of Creditor Incl. Address | Name, Tel No. and complete Mailing Address | Nature of Claim (trade debt, bank loan) | Amount of Claim |
|---|---|---|---|
| Amy's Bread 75 Ninth Ave New York, NY 10011 | Nancy Macias (212) 462-2038 | Trade Account | $1,068 |
| Total | | | <u>$407,794</u> |

| Name of Creditor Incl. Address | Name, Tel No. and complete Mailing Address | Nature of Claim (trade debt, bank loan) | Amount of Claim |
|---|---|---|---|
| Mission Valley Bank 9114 Sunland Blvd Sun Valley CA 91352 (866)7024430 | Advance restaurant Finance LLC Vince Monard, CFO 1300 Concord Terrace Sunrise, FL 33323 (954) 689-4044 Ext 203 | Trade Debt Loan No. 20146 | $126,771.44 |
| Yellowstone Capital, LLC 160 Pearl Street New York, NY 10005 (800) 955-2411 | Steve Davis (800) 955-2411 | Trade Debt | $81,650 |
| 1st Merchant Funding 1135 Kane Concourse, 3rd Fl Bay Harbor, FL 33154 | | Trade Debt Loan No. 107292 | $14,790 |
| Rewards Network 2 N. Riverside Plaza Chicago, IL 60606 | Kathleen Fleming 312-521-6767 | Trade Debt Account No. 109826 | $19,905.25 |
| ConEdison 4 Irving Place New York, NY 10003 | | Trade Debt – Utilities 47-3127-0130-0008-7 | $6,942.00 |
| 220 W 98th LLC The Expansion Group 250 West 57th Street New York, NY 10107 | Elliot Small (212) 267-2800 | Property Lease Acct No. T240137 | $59,599.05 |
| TDBank 9000 Atrium Way Mt. Laurel, NJ 08054 | Kathy Crew (856) 470-3939 | Overdraft Acct. 424502063 | $3,186.27 |

Mission Valley Bank
9114 Sunland Blvd
Sun Valley CA 91352
Loan No. 20146


Yellowstone Capital, LLC
160 Pearl Street
New York, NY 10005

1st Merchant Funding
1135 Kane Concourse, 3rd Fl
Bay Harbor, FL 33154
Loan No. 107292

Driscoll Foods
174 Delawanna Ave
Clifton, NJ 07014

Meyers, Saxon & Cole
3620 Quentin Rd.
Brooklyn, NY 11234
File No. 240310

Rewards Network
2 N. Riverside Plaza
Chicago, IL 60606
Account No. 109826

ConEdison
4 Irving Place
New York, NY 10003
47-3127-0130-0008-7

The Expansion Group
Acct No. T240137
250 West 57th Street
New York, NY 10107

TDBank
9000 Atrium Way
Mt. Laurel, NJ 08054
Acct. 4245020633

Wild Edibles, Inc.
21-51 Borden Ave
Long Island City, NY 11101

John's Market
1983 54th Street
Brooklyn, NY 11202

Roe, Taroff Taitz, LP
One Corporate Dr. Ste 102
Bohemia, NY 11716
Index No. 29830/11

Mitnick & Malzberg PC
P.O. Box 439
Frenchtown, NJ 08825
Ref No. 10-0923

Francisco Ceballos
Remigio Ceballos
1740 Melville St
Bronx, NY 10460

On Target Staffing, LLC
Roy James
167 French Street
New Brunswixk, NJ 08901


Mayra Cabrera-Pardo
12 Spruce St
Fairview, NJ 07022


Jose Melendez
Juana Melendez
127 Victor St
Bronx, NY 10454


Ramon Melendez
127 Victor Street
Bronx, NY 10460


Open Table, Inc.
P.O. Box 671198
Dallas, TX 75767-1198
Account 46809


Amy's Bread, Inc.
75 Ninth Ave.
New York, NY 10011
Customer: Alouette